UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| VENANCIO MARTÍ SANTA CRUZ, et al.,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>BANCO SANTANDER PUERTO RICO, et al.,<br><br>　　　Defendants. | Civil No. 08-1225 (JAF) |

**O R D E R**

Plaintiffs, Venancio Martí Santa Cruz ("Martí"), his wife Julita Soler Vilá, their conjugal partnership, and their daughters María Rosa Martí Soler ("María Rosa") and Sofía Martí Soler ("Sofía"), brought this action on February 21, 2008, against Defendants, Banco Santander Puerto Rico ("BSPR"), Santander Securities, Inc., Fernando Gallardo Álvarez ("Gallardo"), his unknown supervisors, and unknown insurance companies, for violations of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10b-5 of the Securities and Exchange Commission, 17 C.F.R. 240.10b-5, the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1964, and Puerto Rico law. Docket No. 1. On July 2, 2008, Defendants moved to compel arbitration of certain of Plaintiffs' claims and stay the remaining claims pending the arbitration. Docket No. 10. Plaintiffs opposed on October 30, 2008, Docket No. 22, and Defendants replied on November 19, 2008, Docket No. 27.

Civil No. 08-1225 (JAF)                                                        -2-

Plaintiffs allege that Gallardo, a financial advisor at Santander Securities and BSPR and Sofía's ex-husband, embezzled money from Martí and María Rosa that he fraudulently induced them to invest with him. Docket No. 1. Plaintiffs also allege that Gallardo embezzled money from Sofía by inducing her to refinance the mortgage of their apartment with BSPR while they were married. Id.

Defendants assert that Martí's and María Rosa's claims must be arbitrated pursuant to the arbitration clauses in the contracts they signed creating the accounts with Santander Securities. Docket No. 10. The contracts state that "the parties are waiving their right to seek remedies in court, including a jury trial," and that "any controversy between [the parties] arising out of [their] business or this agreement shall be submitted to arbitration." Docket Nos. 10-2, 10-3.

Plaintiffs concede that María Rosa's claims are subject to arbitration pursuant to the contract she signed. Docket No. 22. Plaintiffs allege, however, that Gallardo forged Martí's signature on the contract; therefore, Martí never agreed to submit his claims to arbitration. Docket Nos. 1, 22. Plaintiffs do not oppose a stay of the non-arbitrable claims. Docket No. 22.

"Any analysis of a party's challenge to the enforcement of an arbitration agreement must begin by recognizing the [Federal Arbitration Act's ("FAA")] strong policy in favor of rigorously enforcing arbitration agreements." KKW Enters. V. Gloria Jean's

Civil No. 08-1225 (JAF)                                                   -3-

Gourmet Coffees Franchising Corp., 184 F.3d 42, 49 (1st Cir. 1999). Through the FAA, congress has declared "a liberal federal policy favoring arbitration agreements." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). Nevertheless, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Large v. Conseco Fin. Servicing Corp., 292 F.3d 49, 52 (1st Cir. 2002) (quoting McCarthy v. Azure, 22 F.3d 351, 354 (1st Cir. 1994)) (internal quotation marks omitted).

Martí's contention that he never signed the contract, if true, would preclude compelled arbitration of his claims and entitle him to a trial. See id. Plaintiffs, however, fail to submit any evidence to support their allegation. In the absence of any such evidence, for example a sworn affidavit from Martí attesting to the forgery, we cannot find that a genuine issue exists as to the existence of the arbitration agreement. See, e.g., Doctor's Assocs. v. Jabush, 89 F.3d 109, 114 (2d Cir. 1996) (requiring an "unequivocal denial" that there was an agreement to arbitrate and "some evidence . . . to substantiate the denial"); Chastain v. Robinson-Humphrey Co., 957 F.2d 851, 854-55 (11th Cir. 1992) (same). We find, therefore, that arbitration of Martí's claims is required by the contract and the FAA. See 9 U.S.C. § 4.

Where some claims are referred for arbitration, we have discretion to stay litigation of the remaining non-arbitrable claims

Civil No. 08-1225 (JAF)                                                        -4-

pending the outcome of the arbitration proceeding. <u>McCarthy</u>, 22 F.3d at 361 n.15. In the interest of maximizing judicial economy and avoiding piecemeal litigation, and in the absence of any opposition from Plaintiffs, we find that a stay of Plaintiffs' non-arbitrable claims is appropriate.

Accordingly, we **GRANT** Defendants' motion to compel arbitration, <u>Docket No. 10</u>. We hereby **ORDER** arbitration as to the claims of Plaintiffs Martí and María Rosa Martí Soler, and **STAY** the claims of Sofía Martí Soler pending the arbitration.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 10th day of December, 2008.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        U.S. District Judge