1    UNITED STATES DISTRICT COURT
2    DISTRICT OF PUERTO RICO

3    VENANCIO MARTÍ SANTA CRUZ,
4    et al.,

5
6         Plaintiffs,                        Civil No. 08-1225 (JAF)

7         v.

8    BANCO SANTANDER PUERTO RICO,
9    et al.,
10
11        Defendants.

12                       **OPINION AND ORDER**

13        Plaintiffs, Venancio Martí Santa Cruz ("Martí"), his wife Julita

14   Soler Vilá, their conjugal partnership, and their daughters María

15   Rosa Martí Soler ("María Rosa") and Sofía Martí Soler ("Sofía"),

16   brought this action on February 21, 2008, against Defendants, Banco

17   Santander Puerto Rico ("BSPR"), Santander Securities, Inc., Fernando

18   Gallardo Álvarez ("Gallardo"), Gallardo's unknown supervisors, and

19   unknown insurance companies, for violations of the Securities

20   Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10b-5 of the

21   Securities and Exchange Commission, 17 C.F.R. 240.10b-5, the

22   Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1964,

23   and Puerto Rico law. Docket No. 1. On December 10, 2008, we granted

24   Defendants' motion to compel arbitration of Martí's and María Rosa's

25   claims and stayed Sofía's claims pending the arbitration. Docket

26   No. 28. Martí moved for partial reconsideration of our order pursuant

Civil No. 08-1225 (JAF)                                                    -2-

1    to Federal Rule of Civil Procedure 60(b) on February 2, 2009.  <u>Docket</u>

2    <u>No. 30</u>. Defendants opposed on February 18, 2009. <u>Docket No. 31</u>.[1]

3         In their opposition to Defendants' motion to compel arbitration,

4    Plaintiffs argued that Martí's claims should not be subject to

5    arbitration because Gallardo had forged Martí's signature on the

6    contract containing the arbitration clause. <u>Docket Nos. 1, 22</u>. We

7    explained that, while Martí should not be bound to arbitrate claims

8    he had not agreed to arbitrate, Plaintiffs had proffered only bald

9    assertions regarding the forgery. <u>Docket No. 28</u>. In the absence of

10   some evidence substantiating the allegation, we found that

11   arbitration of Martí's claims was appropriate due to the existence of

12   the arbitration agreement. <u>Id.</u> (citing <u>Doctor's Assocs. v. Jabush</u>, 89

13   F.3d 109, 114 (2d Cir. 1996) (requiring an "unequivocal denial" that

14   there was an agreement to arbitrate and "some evidence . . . to

15   substantiate the denial"); <u>Chastain v. Robinson-Humphrey Co.</u>, 957

16   F.2d 851, 854-55 (11th Cir. 1992) (same)). Martí now submits a sworn

17   affidavit, in which he attests under oath that Gallardo forged the

18   signature on the contract, and asks us to vacate our order compelling

19   arbitration of Martí's claims. <u>Docket No. 30 & Exh. I</u>.

---

[1] On April 7, 2009, we granted a stay in the present case as to
Defendant Gallardo due to bankruptcy proceedings currently pending in
the United States Bankruptcy Court for the District of Puerto Rico.
<u>Docket No. 36</u>. We issue the present order, despite the existence of
the stay, as our denial of reconsideration has no effect on the
status of this case.

Civil No. 08-1225 (JAF)                                               -3-

1    Rule 60(b) provides relief from a final judgment, order, or

2    proceeding for, inter alia, "mistake, inadvertence, surprise or

3    excusable neglect."  Fed. R. Civ. P. 60(b)(1).  In the present case,

4    Martí appears to seek relief under the doctrine of excusable neglect.

5    To determine whether a party's neglect is excusable we consider:

6                      '[A]ll relevant circumstances surrounding the
7                      [movant's] omission,' including 'the danger of
8                      prejudice to the [non-movant], the length of the
9                      delay and its potential impact on judicial
10                     proceedings, the reason for the [omission],
11                     including whether it was within the reasonable
12                     control of the movant, and whether the movant
13                     acted in good faith.'

14   Mirpuri v. ACT Mfg., Inc., 212 F.3d 624, 630-31 (1st Cir. 2000)

15   (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380,

16   392 (1993)). The most critical factor in our inquiry is the reason

17   the movant gives for the negligent act. See Graphic Commc'ns Int'l

18   Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1,

19   5-6 (1st Cir. 2001) (requiring "a satisfactory explanation for the

20   late filing"). "[I]nadvertence, ignorance of the rules, or mistakes

21   construing the rules do not usually constitute 'excusable' neglect

22   . . . ." Pioneer, 507 U.S. at 392. In such instances, we have wide

23   discretion to deny relief, particularly in "the absence of unique or

24   extraordinary circumstances." Graphic Commc'ns, 270 F.3d at 6-7.

25   Martí states simply that he did not submit an affidavit or other

26   evidence initially because he relied on the allegations in the

27   opposition to the motion to compel arbitration. Docket No. 30. We

Civil No. 08-1225 (JAF)                                                    -4-

1    find  this  explanation  insufficient,  as  he  was  fully  capable  of

2    submitting substantiating evidence with the opposition. While we do

3    not doubt that the failure to submit evidence resulted from Martí's

4    or  his  counsel's  good  faith  belief  that  the  allegations  were

5    sufficient, the circumstances here are hardly extraordinary, and we

6    find they do not justify relief. Plaintiffs have not given us any

7    reason  to  depart  from  this  circuit's  strong  policy  in  favor  of

8    arbitration agreements. <u>See, e.g.</u>, <u>KKW Enters. v. Gloria Jean's</u>

9    <u>Gourmet Coffees Franchising Corp.</u>, 184 F.3d 42, 49 (1st Cir. 1999).

10   Moreover,  Martí  is  not  left  without  remedy;  he  retains  the

11   opportunity  to  have  the  forgery  issue  heard  and  resolved  by  the

12   arbitrator.

13       For the aforementioned reasons, we **DENY** Plaintiffs' motion to

14   partially set aside our December 10, 2008, Order, <u>Docket No. 30</u>.

15       **IT IS SO ORDERED.**

16       San Juan, Puerto Rico, this 20th day of April, 2009.

17                                  S/José Antonio Fusté
18                                  JOSE ANTONIO FUSTE
19                                  U.S. District Judge